*Cymbler v. Nassau County*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand twenty-six.

Present:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> *Circuit Judges,*

---

CAROL S. CYMBLER,

> *Plaintiff-Appellant,*

v.                                                          25-2495

NASSAU COUNTY, NASSAU COUNTY TRAFFIC AND PARKING VIOLATIONS AGENCY, VERRA MOBILITY CORP., AMERICAN TRAFFIC SOLUTIONS, INC.,

> *Defendants-Appellees.**

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Benjamin J. Fischer, Law Office of Benjamin J. Fischer, PLLC, Bayside, NY. |
| FOR DEFENDANTS-APPELLEES NASSAU COUNTY AND NASSAU COUNTY TRAFFIC AND PARKING VIOLATIONS AGENCY: | Robert F. Van Der Waag, Deputy County Attorney, Hon. Thomas A. Adams, Nassau County Attorney, Nassau County Attorney's Office, Mineola, NY. |

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANTS-APPELLEES VERRA
MOBILITY CORP., AMERICAN TRAFFIC
SOLUTIONS, INC.:

Jason Stiehl, Neil Nandi, Crowell &
Moring LLP, Chicago, IL; Eric Aronson,
Crowell & Moring LLP, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

After Plaintiff-Appellant Carol Cymbler was fined $150 for driving through a red light in Nassau County, she sued Defendants-Appellees—who manage and operate the red-light cameras that led to Cymbler's fine—under multiple state and federal causes of action. The district court dismissed Cymbler's claims, concluding that she did not state any federal claim for relief. The district court also decided not to exercise supplemental jurisdiction over Cymbler's state-law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.     Failure To State a Federal Claim

Cymbler brought federal claims against Nassau County and the Nassau County Traffic and Parking Violations Agency ("NCTPVA") (together, the "Nassau Defendants") under 42 U.S.C. § 1983, alleging violations of the Due Process Clause, the Equal Protection Clause, and the Takings Clause of the U.S. Constitution. She also brought claims against all Defendants under the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961. We agree with the district court that Cymbler failed to state any federal claim for relief. *See Cymbler v. New York State*, No. 24-cv-

2

2792, 2025 WL 2605233, at *9–13 (E.D.N.Y. Sept. 9, 2025).

First, Cymbler argues that the Nassau Defendants violated her substantive and procedural due process rights by offering insufficient protections at a hearing about her red-light ticket. "For state action to be taken in violation of the requirements of substantive due process, the denial must have occurred under circumstances warranting the labels 'arbitrary' and 'outrageous.'" *Natale v. Town of Ridgefield*, 170 F.3d 258, 262 (2d Cir. 1999). Cymbler has identified nothing "arbitrary" or "outrageous" about the hearing, during which she was shown the evidence against her—a video and photographs—along with a certificate from a NCTPVA technician (as required under the statute), and she was offered the right to appeal. *See Cymbler*, 2025 WL 2605233, at *3. Likewise, nothing at the hearing violated Cymbler's procedural due process rights. The district court correctly concluded that the procedural protections at the hearing were sufficient to protect Cymbler's interest in the $150 she was fined.

Second, Cymbler argues that the Nassau Defendants violated the Equal Protection and Takings Clauses when they charged her certain fees as part of the $150 fine. As to the Equal Protection Clause, Cymbler argues that she was charged additional fines compared to others charged for different traffic violations, such as parking infractions. This argument is devoid of merit. Cymbler failed to state an Equal Protection claim because "it is rational to conclude that car drivers who run red lights pose a greater danger to public safety than bicycle riders who run red lights or than drivers who violate parking regulations." *Id.* at *11. As to the Takings Clause, we also agree with the district court that "a fee that a driver must pay for violating the red light laws . . . is not an improper taking." *Id.* at *12.

Third, Cymbler claims that all Defendants violated the DPPA and RICO. The DPPA prohibits the release of certain personal information from State motor vehicle records. *See* 18

3

U.S.C. § 2721. But it permits the disclosure of information "[f]or use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions," *id.* § 2721(b)(1), or for "matters of motor vehicle or driver safety," *id.* § 2721(b)(2); *see also id.* § 2721(b)(4). As before the district court, Cymbler "does not address the permissible purposes in § 2721," so she has not stated a DPPA claim. *Cymbler*, 2025 WL 2605233, at *13. Cymbler also has not identified RICO predicate acts by Defendants that constitute a pattern of racketeering activity, so she failed to state a RICO claim. *See* 18 U.S.C. § 1961(1) (identifying RICO predicate acts).

## II.    State-Law Claims

We review a district court's decision to decline to exercise supplemental jurisdiction over state-law claims for abuse of discretion. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). "It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006). The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Cymbler's state-law claims.[1]

---

[1] We do not reach Cymbler's arguments that the district court erred in concluding that she lacked standing to seek injunctive relief and that NCTPVA is not a suable entity under New York law. Cymbler also argues that the district court erred in converting Nassau County and NCTPVA's motion for judgment on the pleadings under Rule 12(c) to a motion to dismiss under Rule 12(b), but even if this were correct, any such error would not affect our review because "[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (citation omitted); *see also Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 127 (2d Cir. 2001) (affirming a district court's ruling on a motion filed under Rule 12(b) in part because it "could and should have been considered as a Rule 12(c) motion for judgment on the pleadings"). Cymbler has not provided any evidence of prejudice she endured as a result of the conversion of the Rule 12(c) motion to a Rule 12(b) motion here, and a district court has discretion to convert such a motion *sua sponte* under these circumstances in order

*     *     *

We have considered Cymbler's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:<br>Catherine O'Hagan Wolfe, Clerk of Court

---

to promote efficiency in the use of judicial resources.  *See Vanhorn v. Salvation Army*, No. 24-3126, 2026 WL 1257804, at *3 (10th Cir. May 7, 2026) (holding that a district court did not commit reversible error when it converted a defendant's Rule 12(c) motion into a Rule 12(b)(6) motion after a defendant had filed an answer but pleadings were not yet closed in part because "the same standard applies to a motion for judgment on the pleadings as a motion to dismiss" and "a decision that addresses the substance of the Rule 12(c) motion would ensure a 'just, speedy, and inexpensive determination' of the case").

5